```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

VENGAI CHIKONYERA                 :

    PETITIONER,              :

        V.                    : (Case No. 3:12-CV-1670)

D.H.S and                         : (Judge Richard P. Conaboy)
ERIC HOLDER,

    RESPONDENTS.             :

_____

**MEMORANDUM**

Here we consider the Report and Recommendation (Doc. 11) filed by Magistrate Judge Thomas M. Blewitt on January 3, 2013. Petitioner, Vengai Chikonyera ("Chikonyera"), who is currently incarcerated at the York County Prison as a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), filed the petition for a writ of habeas corpus that is the focus of this case on August 22, 2012. Chikonyera seeks release from detention pending the result of a deportation proceeding that has been instituted again him. (Doc. 1 at 3). Magistrate Judge Blewitt recommended that the Petitioner, who had been detained pursuant to 8 U.S.C. § 1226 (c) on June 25, 2012, remain in custody (Doc. 11 at 11). Petitioner filed objections to the Report and Recommendation (Doc. 12), and Respondents responded to those objections (Doc. 13). With the timely filing of Petitioner's Reply Brief (Doc. 15) on February 22, 2013, the Report and Recommendation became ripe for disposition.

1

## I. Legal Standard for Review of a Report and Recommendation by a Magistrate Judge.

When a Magistrate Judge makes a finding or ruling on a motion or issue, his determination should become that of the Court unless objections are filed. See Thomas V. Arn, 474 U.S. 140, 150-53 (1985). When objections are not filed, the district court is required only to review the record for "clear error" prior to accepting a magistrate judge's recommendation. See Cruz v. Chater, 990 F. Supp. 375, 378 (M.D. Pa. 1998). When objections are filed, the district judge should make a de novo review of those portions of the report or specified proposed findings or recommendations to which objections have been made. See Cippolone v. Liggett Group, Inc. 822 F.2d 335, 340 (3d. Cir. 1987), cert. denied 484 U.S. 976 (1987). However, the de novo standard applies only to objections which are both timely and specific. Goney v. Clark, 749 F.2d 5, 6-7 (3d. Cir. 1984). Although the review is de novo, the Court may rely on the magistrate judge's recommendations to the extent it deems appropriate. See United States v. Raddatz, 447 U.S. 667, 675-76 (1980); Goney, supra, at 7. The Court may accept, reject, or modify, in whole or in part, the findings made by the magistrate judge. 28 U.S.C. § 636 (b)(1).

## II. Immigration Proceedings.

Chikonyera, a native of Zimbabwe, was lawfully admitted to the United States at Atlanta, Georgia on January 16, 1999 (Doc. 6-1,

2

Ex. 1). [1] Chikonyera's admission to the United States was as a non-immigrant, vocational or non-academic student and he was authorized to remain in the United States until April 4, 1999. (Id). Chikonyera overstayed his authorized term in this country without authorization from the Immigration and Naturalization Service ("INS"). (Id.) Since April 5, 1999, Chikonyera's status in the United States has been that of an illegal alien.

On October 23, 2003, Chikonyera pled guilty to a charge of simple assault and was sentenced to a term of imprisonment of 54-729 days. [2] (Id, Exs. 11 and 12). On January 15, 2008, ICE charged Chikonyera as removable from the United States pursuant to § 237(a)(2)(A)(I), (a)(2)(E)(I), and (a)(2)(A)(iii) of the Immigration and Nationality Act. (Id. at Ex. 12). Additional Charges of Inadmissability/Deportability were filed against Chikonyera on August 9, 2012 due to his May 8, 2012 conviction for retail theft in Delaware County, Pennsylvania. (Id. at Ex. 15). Because the maximum term of imprisonment for retail theft in Pennsylvania is up to 24 months, Chikonyera was charged as removable pursuant to § 237

---

[1] The factual basis for our recounting of Chikonyera's immigration proceedings is derived from ICE documents attached as Exs. 1-19 of the Government's Response to Petition for Writ of Habeas Corpus (Doc. 6).

[2] The victim in Chikonyera's assault conviction was his "spouse". It should be noted, however, that when his "spouse" subsequently filed a Petition for Alien Relative on Chikonyera's behalf to officially designate him as the bona fide spouse of a United States citizen, she failed to appear for the mandatory interview and her Petition was denied. (Id. at Ex. 10). Thus, Chikonyera's status remains that of an illegal alien.

3

(a)(2)(A)(iii) of the INA for conviction of an aggravated felony as defined in § 101 (a)(43)(G) of the INA. (Id.).

Chikonyera had been released from state custody on the retail theft offense on December 7, 2011 (Doc. 10 at 15) and was taken into ICE custody on June 25, 2012. This request for bond was considered by an immigration judge. ("IJ") on August 9, 2012. By order of the IJ dated August 9, 2012, Chikonyera's request to be released on bond was denied. (Id. at Ex. 18). Chikonyera's petition for writ of habeas corpus (Doc. 1) is, essentially, an appeal from the IJ's denial of bond on August 9, 2012.

**III. Legal Discussion**.

Chikonyera posits three arguments that he asserts should result in issuance of a writ of habeas corpus in his favor. His first argument asserts that his continued custody in relation to his retail theft conviction is impermissible under the INA because retail theft is not a "deportable offense" under the INA. His second argument asserts that he has been incarcerated for an unreasonable length of time without a bond hearing and that this unreasonable delay should result in issuance of a writ of habeas corpus. His third argument, which was made obliquely in Chikonyera's Motion to Supplement and Expedite Habeas Corpus (Doc. 10) and was not addressed in the Report and Recommendation, is that he must be released because § 1226 (c) authorizes mandatory detention only for those persons who are detained immediately upon

release from state custody. For the reasons set forth below, Chikonyera's petition for habeas corpus relief will be denied.

### A. Whether Chikonyera's Retail Theft Conviction Constitutes a Deportable Offense.

The detention of an illegal alien in Chikonyera's position, that is one against whom a removal proceeding has been initiated, is controlled by § 1226 of the INA. Section 1226 (c)(1)(B) requires that the Attorney General take into custody any alien who is deportable because he has committed any offense identified in 8 U.S.C. § 1227 (a)(2)(A)(ii), (A)(iii), (B), (C), or (D). Specifically, 8 U.S.C. § 1227 (A)(iii) states that "any alien who is convicted of an aggravated felony at any time after admission is deportable." The term "aggravated felony" includes, as defined at § 101 (a)(43)(G) of the INA, "a theft offense (including receipt of stolen property)or burglary offense for which the term of imprisonment [is] at least one year." Because Chikonyera's conviction for retail theft under Pennsylvania law carried a maximum sentence in excess of one year, it logically follows that his retail theft conviction on May 8, 2012 constituted a "deportable offense" under the INA. Thus, the decision by ICE to detain Chikonyera was in compliance with the law.

### B. Length of Chikonyera's Detention.

Mandatory detention prior to entry of a final order of removal under 8 U.S.C. § 1226 (c) does not violate the constitutional

5

guarantee of due process.  Demore v. Kim, 538 U.S. 510 (2003).  The length of such a period of detention, however, cannot extend indefinitely.  Prolonged, indeterminate detention during the removal process can extend to the point where it becomes unreasonable and violates due process.  Diop v. ICE/Homeland Security, 656 F.3d 221 (3d. Cir. 2011).

Diop, supra, concerned an individual who was detained for more than 35 months without an individualized bond hearing.  The Third Circuit's determination that this 35 month delay was so prolonged as to be unreasonable and offensive to the Due Process Clause of the Fifth Amendment to the Constitution does not, however, provide a temporal criterion that can be used generally to determine when such detention has gone on too long.  A review of recent decisions by various courts provides no bright-line rule for how long is too long in this context.  Judge Conner of the Middle District has held that a petitioner who had been held for 20 months under circumstances similar to those of Chikonyera in this case was entitled to be released and granted habeas corpus relief.  Gupta v. Sabol et al., No. 1:11-CV-1081, 2011 WL 3897964 (MD. Pa. September 6, 2011).  We note, however, that the Petitioner in Gupta, unlike Mr. Chikonyera here, was under a final order of removal and, thus, was entitled to a heightened form of due process because his continued detention served no immigration purpose.  See Zadvydas v. Davis, 533 U.S. 678, 701 (2001).

6

Other recent cases have held that pre-removal detentions spanning a period of one year or less do not offend the Due Process Clause of the Fifth Amendment. See, e.g., Rodrigques v. Holder, No. 09-1764, 2010 WL 830929 (MD. Pa. March 4, 2010)(Munley, J.)(one year detention); Slebo v. District Director, No. 09-1335, 2009 WL 2151347 (Munley, J.)(MD. Pa. July 17, 2009)(eight months detention); and Wright v. ICE, No. 06-2278, 2007 WL 86263 (MD. Pa. January 9, 2007)(Conner, J.)(seven months detention).

While this Court is sensitive to the fact that pre-removal detention of an alien who is not subject to a final order of removal cannot be open-ended, we do not believe that this case has, at least for now, reached the point where further detention without an additional hearing requires habeas corpus relief. Chikonyera, as of the date of the Magistrate Judge's Report and Recommendation, had been in custody for only six months and he had already received, as he himself acknowledged, "a bond redetermination hearing before the IJ on August 9, 2012." (Doc. 1 at 1). Thus, it is less than eight months since Chikonyera has had a hearing on the issue of his continued custody. Chikonyera has also informed the Court that ICE has scheduled an individualized bond hearing in his case on May 7, 2013 before I.J. Walter Durling. (Doc. 15 at 1). [3] Presuming that Chikonyera receives his hearing on May 7, 2013, he

---

[3] The hearing scheduled for May 7, 2013 had originally been scheduled for February 13, 2013 but was postponed. (Id.).

7

will have received two such hearings within an eight month span. While this may very well seem like a glacial pace to a man in custody, we cannot conclude, absent more detailed guidance from the Third Circuit, that a writ of habeas corpus should be issued at this time.  It needs be said, however, that should Chikonyera's rescheduled hearing not take place at the appointed time, the Government will be fast approaching the time when issuance of a writ would be appropriate.  For now, the Court concludes that Magistrate Judge Blewitt's recommendation that unreasonable delay has not yet occurred in this case will be approved.

**C.      Whether Chikonyera Must Be Released Because He Was not Immediately Detained upon Release From the State Sentence**.

Chikonyera argues that, because he was not immediately detained by ICE upon his release from state custody related to his retail theft conviction, he is not subject to mandatory detention under Section 1226 of the INA. [4]  Chikonyera relies upon cases from other district courts that hold mandatory detention under Section 1226 is applicable only to those aliens who are immediately taken into custody by immigration authorities upon release from custody for their "deportable offenses".  (Doc. 10 at 4-8).

The Government responds that a recent decision of the Fourth

---

[4] Because the Magistrate Judge's Report and Recommendation does not address this argument, we consider this argument de novo.

8

Circuit, Hosh v. Lucero, 680 F.3d 375, 380 (May 25, 2012) found: "We conclude that the BIA's determination that criminal aliens...are subject to mandatory detention, despite not having been detained immediately upon release from custody, is based upon a reasonable construction of Section 1226(c)." (Doc. 13 at 10).[5] Having reviewed the text of Section 1226(c), we find the Fourth Circuit's analysis to be correct. We also find persuasive the Government's argument that Congress could not have intended Section 1226(c) to operate only against persons who are immediately detained upon release from prison since many persons impacted by the statute, Chikonyera included, do not yet stand convicted of their "deportable crime" at the time of their release. (Id. At 17-19). Thus, the interpretation of the statute urged by Chikonyera would compel an absurd result and, pursuant to an axiomatic rule of statutory construction, we will not presume that Congress intended an absurd result. Accordingly, this Court concludes that Chikonyera's detention was not rendered illegal because he was not immediately taken into custody by ICE when he was released on bond on December 7, 2011.

**IV. Conclusion.**

For the reasons discussed above, we adopt Magistrate Judge Blewitt's Report and Recommendation (Doc. 11) with respect to its conclusions that (a) Chikonyera's retail theft conviction is a

---

[5] The Fourth Circuit's decision in Hosh, supra, applied the well-known test articulated in Chevron USA, Inc. v. Natural Res. Def. Council, Inc., 476 U.S. 387 (1984), for determining whether an agency's interpretation of a statute is valid.

9

deportable offense; and (b) that, at this time, Chikonyera's detention is not so prolonged as to require habeas relief.  This Court also concludes, after thoroughly reviewing the parties' submissions, that Chikonyera's detention is lawful despite the fact that he was not immediately taken into custody by ICE upon release from his latest sentence.  An Order consistent with these conclusions will be filed simultaneously.


                                        <u>S/Richard P. Conaboy</u>
                                        Honorable Richard P. Conaboy
                                        United States District Judge

Dated: April 1, 2013_____